UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SUE JOHNSON, Personal
Representative of the Estate of Carolette Malone,

    Plaintiff/Counter-Defendant,

v.                                                                              Case No. 22-11779

METROPOLITAN LIFE INSURANCE                       Sean F. Cox
COMPANY,                                                              United States District Court Judge

    Defendant/Counter-Plaintiff.

and

METROPOLITAN LIFE INSURANCE
COMPANY,

    Third-Party Plaintiff,

v.

ALBERT MALONE, DERRALL HILL, BETA
CAPITAL CORP.,

    Third-Party Defendants.
_____/

**MEMORANDUM OPINION
ON METROPOLITAN LIFE INSURANCE COMPANY'S
MOTION FOR DEFAULT JUDGMENT**

    This is a somewhat unusual insurance interpleader case, in that none of the potential claimants appeared in this case and asserted that the insurance proceeds should be awarded to them. Defaults have been issued against each of them. The matter is now before the Court on the insurance company's motion that asks this Court to award the proceeds to the Estate of the Decedent under these circumstances, pursuant to the plan documents. This Court held a hearing on December 7, 2023, at which time the insurance company stated on the record that it wished to

dismiss its Counterclaim for Declaratory Relief. For the reasons that follow, the Court granted the insurance company's Motion for Default Judgment, that asks the Court to award the insurance proceeds to the estate of the decedent.

## BACKGROUND

The decedent in this case is Carolette Malone (the "Decedent.") At the time of the Decedent's death, she was covered by a life insurance policy issued by Metropolitan Life Insurance Company ("MetLife"). The amount of the insurance proceeds is $41,650.00.

Jacqueline Johnson, as the Personal Representative of the Estate of Carolette Malone ("the Estate"), filed suit against MetLife in state probate court, seeking a temporary restraining order that would prohibit Metlife from delivering a check to Albert Malone (the Decedent's ex-husband) for the life insurance proceeds.

MetLife removed the matter to federal court on August 2, 2022, based upon ERISA. The parties then agreed to an order providing that proceeds will not be disbursed until ordered by this Court.

Metlife filed a Counterclaim for Declaratory Relief asking the Court to declare that the Estate does not have a valid claim to the life insurance proceeds. (ECF No. 10).

Metlife also filed a Third Party Complaint for Interpleader on November 30, 2022. (ECF No. 11). It identifies the following as the potential claimants: 1) Albert Malone (Decedent's ex-husband); 2) Derrall Hall (Decedent's nephew); 3) Beta Capital Corporation (a funeral finance company). To date, however, none of those three potential claimants have appeared in this case and defaults have been entered against them.

On September 22, 2023, Metlife filed a "Motion For Default Judgment Against All Third-Party Defendants, To Remit Plan Benefits To The Estate Of Carolette Malone, For

Discharge And Dismissal." (ECF no. 29). The motion asserts that, under the circumstances presented here, the proceeds should be awarded to the Estate and that the Estate concurs. MetLife attached a proposed order that would grant the motion and close this case.

No responses to the motion were filed. This Court scheduled the motion to be heard by the Court on December 7, 2023. At that time, MetLife indicated that it wished to dismiss its Counterclaim for Declaratory Relief.

## ANALYSIS

MetLife's motion asks this Court to: 1) enter default judgment against the three named potential claimants, who failed to appear in this action and have been defaulted; 2) order MetLife to remit the insurance proceeds (plus any applicable interest) to the Estate; 3) order that MetLife is discharged and released from any further liability; and 4) dismiss with action with prejudice and without costs to any party.

**A.    A Default Judgment Against The Potential Claimants Who Failed To Appear Is Appropriate.**

MetLife's motion correctly notes that, in the context of an interpleader action, a default against a defendant who is a potential claimant results in that defendant forfeiting any claim of entitlement to the insurance proceeds at issue. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984). This is so because a "named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Ins. Co. of Canada v. Conroy*, 431 F. Supp.2d 220, 226-27 (D. Rhode Island).

Here, none of the three of the potential claimants (Albert Malone, Derrall Hall, and Beta Capital Corporation) appeared in this action and they have all been defaulted. Thus, a default judgment against them is appropriate.

**B.     The Court Shall Order MetLife To Remit The Insurance Proceeds To The Estate Under The Circumstances Presented Here, Order That Metlife Is Discharged And Released From Further Liability, And Dismiss This Action With Prejudice.**

MetLife's brief explains that, other than the potential claimants named in this action (who failed to appear and were defaulted), the only other beneficiary designated by the Decedent was the Decedent's mother – who predeceased her. As such, MetLife directs the Court to the governing plan documents, that provide that if there is no beneficiary at your death, it may pay "YOUR estate" and will be discharged from liability. (ECF No. 29-3 at PageID.671). The Court shall therefore, under these circumstances, order MetLife to remit the proceeds to the Estate, order that MetLife is discharged and released from liability, and dismiss this case.

Accordingly, for these reasons, the Court granted MetLife's motion on the record on December 7, 2023.

                                                                                                                 s/Sean F. Cox
                                                                                                                 Sean F. Cox
                                                                                                                 United States District Judge

Dated: December 12, 2023